FILED
SUPERIOR COURT
OF GUAM

2019 APR 19 PM 4: 32

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0255-18 and CF0712-18** |
| vs. | **DECISION AND ORDER** |
| **JESSIE LYNN BABAUTA UNDERWOOD, et al.** | (Defendant Underwood's Motion to Sever) |
| **DEFENDANT.** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 6, 2018 on Jessie Lynn Babauta Underwood's ("Underwood") Motion to Sever. Attorney Terry E. Timblin represents Underwood. Assistant Attorney General Matthew Phelps represents the People of Guam ("People"). The Court held a Motion Hearing on this issue on March 18, 2019. Attorney Phelps stated that he had no objection to Underwood's motion and the matter was thereafter taken under advisement. Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **DENYING** Underwood's Motion.

///

///

///

CF0255-18 and CF0712-18, People of Guam v. Underwood, et al.
Decision and Order (Motion to Sever)

Page 1 of 4

# BACKGROUND

## 1. CF0255-18

On May 4, 2018, the People filed an Indictment in CF0255-18. CF0255-18 Indictment (May 4, 2018). In this Indictment, Defendants Underwood, Enrique Harris Guerrero ("Guerrero"), and Kala Joe Taitague ("Taitague") are each charged with numerous drug offenses. Id. The charges in the Indictment arise from an execution of a search warrant on April 25, 2018. Declaration of James Collins in CF0255-18 (Apr. 26, 2018). During the execution of this warrant, Guam Police Department officers searched the residence of Guerrero. Id. Officers found methamphetamines, marijuana, MDMA, and LSD inside the residence. Id. Guerrero indicated that he had recently been approached by Underwood, who had requested to have packages delivered to his residence on her behalf. Id.

Based on this information, the officers applied for and obtained a search warrant for Underwood's residence. Id. The officers subsequently executed the warrant, but Underwood was not present. Id. The officers were instead met by Taitague, who identified herself as Underwood's domestic partner. Id. A search of the residence uncovered methamphetamines and marijuana. Id. Taitague admitted that two grams of methamphetamines belonged to her, but stated that the rest belonged to Underwood and that Underwood was involved in the sale of marijuana and methamphetamine. Id.

## 2. CF0712-18

On December 6, 2018, the People filed an Indictment in CF0712-18. CF0712-18 Indictment (Dec. 6, 2018). This Indictment contains numerous charges relating to drugs and theft against Babauta, Taitague, Underwood, and Manuel Edward Duenas Aguon ("Aguon"). The People filed a Superseding Indictment on February 1, 2019, adding charges of drug possession and fraudulent use of a credit card to a new defendant, Edward Jinyuc Chong ("Chong"). Superseding Indictment (Feb. 1, 2019). The charges in CF0712-18 arise from the execution of a search warrant for Babauta's residence. Declaration of

CF0255-18 and CF0712-18, People of Guam v. Underwood, et al.
Decision and Order (Motion to Sever)

Page 2 of 4

James Collins in CF0712-18 (Nov. 28, 2018). Upon entering the residence, officers found Defenants Aguon, Taitague, Babauta, and Underwood, as well as methamphetamine, marijuana, currency, drug paraphernalia, and property suspected to be stolen. Id.

## DISCUSSION

Underwood's Motion to Sever does not reference any statute or case law. The Court is concerned that this Motion is completely devoid of any legal authority. While the People do cite to one case in their Non-Opposition, the Court notes that the case cited is not relevant to Underwood's position regarding severance. As the Supreme Court of Guam has stated, an absence of legal authority is concerning. "The court is disturbed by the quality of the parties' briefing in this appeal. The Government did not cite to a single case issued by this court . . . the complete lack of citation to precedent established by this court tends to indicate that the parties either were extremely careless in preparing for this appeal or simply refuse to recognize this court's case law as controlling legal authority in this jurisdiction. Either implication is disconcerting." Sumitomo Const., Co. v. Gov't of Guam, 2001 Guam 23 at fn 1. While admonishing the parties for their briefing of this issue, the Court will nonetheless address and rule on the merits of Underwood's argument for severance.

CF0255-18 and CF0712-18 involve several of the same parties, and in the interest of convenience the Court has often scheduled further proceedings in the two cases to take place at the same time. For this reason, Defendant Underwood is under the impression that the two cases are to be tried together. Mot. to Sever at 2 (Feb. 20, 2019). Underwood has filed this Motion to Sever in both CF0255-18 and CF0712-18, seeking severance of the two trials. Id. at 4. Underwood claims that that there will likely be no evidence presented against her in CF0255-18, but even if a judgment of acquittal is granted in that case, she will be prejudiced in CF0712-18 by the fact that the jury will have heard all the evidence in CF0255-18. Id.

CF0255-18 and CF0712-18, People of Guam v. Underwood, et al.
Decision and Order (Motion to Sever)

Page 3 of 4

The two cases are not scheduled to be tried together. There will be two separate juries for the two matters, and therefore there will not be a risk of the jury in CF0712-18 being persuaded by evidence presented in CF0255-18. Underwood's arguments are therefore moot.

The People have filed a Non-Opposition to Underwood's Motion to Sever. Non-Opposition (Mar. 19, 2019). In their Non-Opposition, the People state that they are not opposed to severing Underwood's matter from that of her co-defendants. Id. The reasoning provided by the people is that Underwood would be prejudiced in a joint trial due to her inability to confront and cross-examine her non-testifying co-defendants in CF0255-18. Id. at 2. The People's Non-Opposition mischaracterizes Underwood's Motion to Sever, which only seeks severance of the two trials from one another and does not seek to sever her from her codefendants in either of the two cases. Because the People's Non-Opposition is unopposed to a motion that has not been filed, the Court will not entertain the People's argument at this time.

## CONCLUSION

By preponderance of the evidence and based on the forgoing reasons, the Court **DENIES** Underwood's Motion to Sever.

Further proceedings for both of these matters are set for April 16, 2019 at 1:00 pm.

**SO ORDERED** this ___4/19/19___.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

APR 19 2019    Date: ___ Time: 435 pm

Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0255-18 and CF0712-18, People of Guam v. Underwood, et al.
Decision and Order (Motion to Sever)

Page 4 of 4